*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RITE WAY REHAB, INC. and CHIROONE CENTERS OF MICHIGAN, PLLC,

Plaintiffs-Appellees,

and

FIRST RESPONSE TRANSPORTATION, INC.,

Plaintiff,

v

AUTO CLUB GROUP INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
April 22, 2026
8:44 AM

No. 372505
Wayne Circuit Court
LC No. 23-001433-NF

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

In this no-fault action, defendant, Auto Club Group Insurance Company, appeals by leave granted[1] the trial court's order denying its motion for partial summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). This Court recently held in *Favot v Brown*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket Nos. 368733 and 368734); slip op at 7-8, that no-fault insurers may apply limitations related to Medicare's fee schedule to determine the amount payable under MCL 500.3157(2), including the multiple procedure reduction rule (MPPR), the packaged-service rule, and the geographic billing modifier. Because *Favot* governs the outcome of this case, we reverse and remand for further proceedings.

---

[1] *Rite Way Rehab, Inc v Auto Club Group Ins Co*, unpublished order of the Court of Appeals, entered January 24, 2025 (Docket No. 372505).

-1-

## I. BACKGROUND AND FACTS

This appeal arises from a motor vehicle accident that occurred on August 14, 2022. Rawan El-Khamissi was injured as a result of the accident. At the time of the accident, El-Khamissi was insured under a no-fault automobile insurance policy issued by defendant.

Following the accident, El-Khamissi received medical treatment from plaintiffs, Rite Way Rehab, Inc., and ChiroOne Centers of Michigan, PLLC.[2] The services at issue in this case were rendered between August 2022 and December 2022. Plaintiffs submitted bills to defendant for the medical services provided to El-Khamissi. Defendant paid plaintiffs a total of $13,137.72 for the services rendered, consisting of $4,669.63 to ChiroOne and $8,468.09 to Rite Way. However, plaintiffs contend that they are owed a total of $78,645.66 for the services provided, consisting of $15,265.56 claimed by ChiroOne and $63,380.10 claimed by Rite Way.

On January 31, 2023, plaintiffs filed this action against defendant seeking payment of personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, alleging that defendant failed to fully reimburse them for allowable expenses incurred in treating El-Khamissi.

Defendant moved for partial summary disposition, arguing that plaintiffs' services were subject to the fee schedule and limitations on allowable expenses set forth in MCL 500.3157(2) through (15), and that defendant had already paid the maximum amount required under the statute, that is, 200% of the amount payable under the applicable Medicare fee schedule. Plaintiffs opposed the motion, arguing that MCL 500.3157 did not allow defendants to apply Medicare rules to their bills, and that even if the statute did, defendant had not paid the full amount of PIP benefits owed. In reply, defendant further asserted that no-fault insurers may apply limitations that bear directly on amounts allowed under Medicare's fee schedule, including the MPPR.

The trial court denied defendant's motion for partial summary disposition, reasoning that whether the Medicare rules applied to the services at issue was unsettled and concluding that a question of fact remained. Defendant subsequently moved for reconsideration, reiterating its position that plaintiffs were not entitled to recover additional amounts under the statute. The trial court denied the motion for reconsideration, concluding that defendant had raised the same arguments previously presented.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's determination on a motion for summary disposition. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). This Court also reviews de novo issues of statutory interpretation. *Id.* Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue

---

[2] A third plaintiff, First Response Transportation, Inc., was dismissed by stipulation and is not a party to this appeal.

as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (cleaned up).

## III. ANALYSIS

Defendant argues that the trial court erred by denying its motion for partial summary disposition because there is no genuine issue of material fact that it was permitted to apply Medicare's MPPR and bundled code rules when determining the amount payable under MCL 500.3157(2). We agree.

The Michigan no-fault act establishes the statutory framework governing insurance coverage, compensation, and dispute resolution for motor vehicle accidents to ensure that individuals injured in these accidents receive prompt and adequate recovery, to reduce administrative delays and factual disputes, and to moderate the costs borne by both the individual and the system. *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 177; 14 NW3d 456 (2023). In 2019, the Legislature enacted significant reforms to address the rising costs of automobile insurance. *Andary v USAA Cas Ins Co*, 512 Mich 207, 214; 1 NW3d 186 (2023). Among these reforms, MCL 500.3157 was amended to cap the amounts payable to providers for treatment of accidental bodily injuries for individuals injured under the no-fault act. *Favot*, ___ Mich App at ___; slip op at 3. The portions of MCL 500.3157 at issue here establish the maximum allowable reimbursement for certain medical services as follows:

> (2) Subject to subsections (3) to (14), a physician, hospital, clinic, or other person that renders treatment or rehabilitative occupational training to an injured person for an accidental bodily injury covered by personal protection insurance is not eligible for payment or reimbursement under this chapter for more than the following:
>
> (a) For treatment or training rendered after July 1, 2021 and before July 2, 2022, 200% of the amount payable to the person for the treatment or training under Medicare.
>
> (b) For treatment or training rendered after July 1, 2022 and before July 2, 2023, 195% of the amount payable to the person for the treatment or training under Medicare.
>
> (c) For treatment or training rendered after July 1, 2023, 190% of the amount payable to the person for the treatment or training under Medicare.
>
> * * *
>
> (15) As used in this section:
>
> * * *
>
> (f) "Medicare" means fee for service payments under part A, B, or D of the federal Medicare program established under subchapter XVIII of the social security

act, 42 USC 1395 to 1395lll, without regard to the limitations unrelated to the rates in the fee schedule such as limitation or supplemental payments related to utilization, readmissions, recaptures, bad debt adjustments, or sequestration. [MCL 500.3157(2) and (15)(f).]

The parties disagree regarding whether MCL 500.3157(15)(f) permits defendant to apply certain limitations, reductions, and adjustments when calculating the amount payable to plaintiffs—specifically, whether defendant may apply the MPPR and bundled code rules that Medicare employs in determining the final reimbursable amount payable to providers. Defendant contends that these rules may be applied because they are directly related to the rates in the Medicare fee schedule. Plaintiffs, by contrast, argue that these rules are unrelated to the fee schedule and therefore may not be used to reduce the amount owed.

This Court's decision in *Favot*, ___ Mich App ___, is controlling and supports defendant's position. Relying in part on our prior decision in *Central Home Health Care Servs, Inc v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364653); slip op at 5, we explained that the amount payable by insurers under the no-fault act is not limited solely to the published Medicare fee-schedule rates but may also reflect limitations directly linked to those rates. *Favot*, ___ Mich App at ____; slip op at 5. Limitations and reductions are related to the rates and amount payable by Medicare when they affect, either by increasing or decreasing, the rates under the fee schedule, consistent with the plain language of MCL 500.3157. *Favot*, ___ Mich App at ___; slip op at 5-7. *Favot* makes clear that the Legislature's use of the phrase "amount payable . . . under Medicare" in MCL 500.3157(2) reflects an intent to incorporate the methodologies by which Medicare determines what is payable. See *id.* at ___; slip op at 5, 7-8. As relevant here, we held that because the MPPR reduces payments for multiple surgical procedures, 42 CFR 416.172(e), insurers may apply this limitation because it "affects the *amount payable* by Medicare." *Favot*, ___ Mich App at ___; slip op at 7.

The *Favot* Court did not evaluate the bundled code, or bundled payment, rule that defendant used to deny payment for some services here, but this rule also constitutes a limitation that affects the amount Medicare will pay for a particular service. See *Favot*, ___ Mich App at ___; slip op at 8. A bundled payment is "[a] single payment for the combined cost of eligible services and supplies . . . provided during a defined episode of care."[3] An "episode of care" is further defined as "[t]he set of services and supplies to treat a medical condition, for a defined length of time."[4] Under the bundled code rule, related or concurrent procedures are thus consolidated into a single payment.[5] Medicare assigns a "B" status indicator to certain procedure codes under the physician fee schedule, reflecting that separate payment is not made for them, and when Medicare covers these services, payment for these services is already incorporated into other

---

[3] Centers for Medicare and Medicaid Services, *Bundled Payments* <https://www.cms.gov/priorities/innovation/key-concepts/bundled-payments> (accessed April 21, 2026).

[4] *Id.*

[5] See *id.*

covered services.[6] Although each individual service and procedure has its own rate under the fee schedule, the total amount payable by Medicare for the bundled services is reduced compared to the sum of the individual service rates. Thus, the bundled code rule is explicitly grounded in the fee schedule rates to determine the "amount payable" by Medicare to providers under MCL 500.3157(2) and thus constitutes a limitation related to the Medicare fee schedule under MCL 500.3157(15)(f). Moreover, because this limitation is intrinsically related to the fee schedule, it is not of the same kind, class, character, or nature as the limitations excluded by subsection (15)(f). See *Favot*, ___ Mich App at ___; slip op at 7-8.

In light of *Favot*, MCL 500.3157(15)(f) allows defendant to apply the MPPR and bundled code rules in calculating the amount payable under MCL 500.3157(2) because these rules directly affect the amount Medicare would pay for a given service and therefore may properly be considered for purposes of the no-fault act. See *Favot*, ___ Mich App at ___; slip op at 5. As a result, the trial court erred by denying defendant's motion for partial summary disposition.[7]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi

---

[6] Centers for Medicare and Medicaid Services, *Status Indicators* <https://www.cms.gov/status-indicators> (accessed April 21, 2026).

[7] Whether defendant paid the correct amount of PIP benefits to plaintiffs may be addressed on remand.